■ In the Matter of the Claim of AARON BOSKIN, Respondent, v. BRESEE CHEVROLET COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision which made a schedule award for 100% loss of vision of the right eye, appellants employer and carrier defining the sole issue presented on appeal as whether the record contains "any substantial medical evidence to support the conclusion that the claimant is medically unable to tolerate the contact lens." Concededly, the contact lens brought the vision in the injured eye, in which claimant otherwise had no vision, up to 20-20. Claimant, employed as a mechanic by an automobile sales and service agency, sustained an accidental injury which resulted in a traumatic cataract and required the surgical removal of the right eye lens and thereafter the prescription of a scleral contact lens as the only means of correcting his vision. Claimant testified on March 15, 1965, which was one year after he had resumed work and commenced the use of the contact lens, that during the past year he wore the lens, as much as he possibly could, while working an average of eight to eight and one-half hours per day at overhauling automatic transmissions; but sometimes during the course of the day would get dirt under it and have to remove it; that the lens would occasionally get off kilter, just from the movement of his head and eye and would then have to be put in place again before a mirror; that on 8 or 10 occasions during the year past his eye became so irritated that he had to remove the lens and work without it for the rest of the day. Approximately 11 months after this hearing, claimant, while present at the hearing of February 8, 1966 before the board panel reviewing the Referee's decision, and without having first been sworn, was questioned by a board member and said that he was not using the contact lens at all and that his opthalmologist had told him that he "had lost the tolerance to wear it". Following this hearing the board referred "the matter to an impartial ophthalmologist for an opinion as to the percentage loss of vision and the claimant's ability to tolerate contact lenses." The report of the impartial specialist who examined pursuant to this direction, and his testimony as well, seem to us unresponsive and inconclusive as respects the tolerance factor. He made it clear that the statement in his report that claimant was given a contact lens "but was unable to tolerate it" was not his conclusion but was "the patient's statement". In any event, it is clear that the board's finding of "claimant's inability to tolerate contact lenses" cannot be supported except by recourse to claimant's statements at the hearing before the board panel and these, being unsworn, cannot be accounted substantial evidence. It follows that remittal is required for further development of the record. (See *Matter of Hurley v. E. R. Wolcott, Inc.,* 27 A D 2d 788, and cases there cited.) Appellants do not contest the additional award for facial disfigurement. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and case remitted for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.