■ In the Matter of the Claim of ARTHUR UBBAN, Respondent, v COUNTY OF WESTCHESTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [600 NYS2d 335] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed February 7, 1992, which, *inter alia,* ruled that claimant sustained a causally related permanent total disability.

Claimant sustained a compensable injury to his back on or about March 1, 1982 and was awarded workers' compensation benefits. The case was thereafter closed on or about December 14, 1983. It appears that claimant's pain became progressively worse and that claimant stopped working entirely in late 1985. Thereafter, based upon the submission of certain medical reports, claimant's case was reopened, and additional testimony was received regarding the nature, cause and extent of claimant's injury. The Workers' Compensation Board ultimately concluded that claimant was permanently totally

disabled and that such disability was causally related to the March 1982 injury. This appeal ensued.

We affirm. It is well settled that conflicting medical testimony merely presents a factual issue for the Board to resolve (see, Matter of Ingham v Oswego County, 178 AD2d 796, 798; Matter of Curtis v Adirondack Trailways, 146 AD2d 900, 901). The testimony provided by claimant's treating physician was sufficient to establish that claimant was permanently totally disabled and that claimant's disability was causally related to the injury he sustained to his back in 1982. Inasmuch as the Board's findings are supported by substantial evidence, its decision must be affirmed. The remaining arguments advanced on appeal have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr. and Levine, JJ., concur. Ordered that the decision is affirmed, with costs to the Workers' Compensation Board.