Cardona, P.J., Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

■ In the Matter of the Claim of DONNA VANDERMARK, Respondent, v FRONTIER INSURANCE COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [874 NYS2d 630]—

Malone Jr., J. Appeals (1) from a decision of the Workers' Compensation Board, filed September 21, 2007, which ruled that claimant has a permanent total disability, and (2) from a decision of said Board, filed July 16, 2008, which denied the applications of the employer and its workers' compensation carrier for reconsideration and/or full Board review.

In August 1998, claimant suffered a back injury while lifting heavy boxes at work. She filed a claim for workers' compensation benefits and was initially found to have a permanent partial disability as the result of this work-related injury. Thereafter, further proceedings were conducted in the case and hearings were held on the issue of the degree of claimant's disability subsequent to August 2004. In December 2006, a Workers' Compensation Law Judge issued a decision finding that claimant had a permanent partial disability subsequent to August 9, 2004, except for periods following surgery. The Workers' Compensation Board, however, concluded that claimant had a permanent total disability after this date and modified the award of benefits accordingly. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal from this decision as well as a subsequent decision denying the

employer's applications for reconsideration and/or full Board review.

Initially, the employer contends that insufficient evidence was presented to support the Board's finding that claimant suffered a permanent total disability. Based upon our review of the record, we disagree. Conflicting medical evidence was presented concerning the extent of claimant's disability. "This Court accords great deference to the Board's resolution of issues concerning conflicting medical evidence and witness credibility" (*Matter of Williams v Colgate Univ.*, 54 AD3d 1121, 1123 [2008] [citations omitted]). In addition, this Court has acknowledged that the Board may accept or reject portions of a medical expert's opinion (*see id.*).

In the case at hand, the orthopedic surgeon who has treated claimant since 2002 testified that she is totally disabled and unable to engage in any gainful employment. Another physician, who examined claimant in 2002, 2005 and 2006, opined that she has a permanent partial marked disability, but stated that there is no reasonable expectation that she can return to work. The reports of other physicians who examined claimant indicated that she suffers from a permanent partial disability. In reaching its conclusion that claimant has a permanent total disability, the Board chose to credit the testimony of claimant's treating orthopedist and the opinion of the other physician who stated that claimant is no longer able to work over the contrary medical evidence presented. The Board was clearly entitled to weigh the evidence in this manner (*see Matter of Ubban v County of Westchester*, 195 AD2d 726, 727 [1993]; *see also Matter of Weber v Northberry Constr.*, 261 AD2d 744, 745 [1999]). While the employer contends that the Board erroneously credited the testimony of claimant's treating orthopedist inasmuch as he disregarded the workers' compensation guidelines, we note that the guidelines provide useful criteria, but that the ultimate determination of total disability lies with the Board (*see Matter of Hare v Champion Intl.*, 50 AD3d 1254, 1255 [2008], *lv dismissed* 11 NY3d 863 [2008]). Given that substantial evidence supports the Board's decision, we find no reason to disturb it.

The employer also challenges the Board's decision denying its applications for reconsideration and/or full Board review. Our inquiry in this regard is limited to whether the denial was arbitrary or capricious or an abuse of discretion (*see Matter of Robinson v Interstate Natl. Dealer*, 50 AD3d 1325, 1326 [2008]). A review of the employers' applications discloses that the same arguments were advanced in support of each. Such arguments are directed at the sufficiency of the evidence supporting a find-

ing of total permanent disability, which issue was previously considered by the Board. Notably, there is no indication that new evidence germane to this issue was not previously available as the medical reports cited by the employer were in existence prior to the close of the hearings (*see Matter of Earnest v J.P. Molyneux Studio, Ltd.*, 47 AD3d 1176, 1177 [2008], *lv dismissed* 10 NY3d 855 [2008]). In view of the foregoing, we do not find that the Board's denial of the employer's applications was arbitrary, capricious or an abuse of discretion.

We have considered the employer's remaining contentions and find them to be unavailing.

Cardona, P.J., Mercure, Rose and Kavanagh, JJ., concur. Ordered that the decisions are affirmed, without costs.