■ In the Matter of the Claim of GARY WALDHEIM, Appellant, v HUDSON SHEET METAL, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [910 NYS2d 320]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 17, 2008, which ruled that claimant did not sustain a causally related occupational disease and denied his claim for workers' compensation benefits.

Claimant began to experience pain in his hands in the early 1990s, approximately 30 years after he started his career as a sheet metal worker. In April 2001, electrodiagnostic testing performed on claimant's hands revealed evidence of bilateral

carpal tunnel syndrome. He applied for workers' compensation benefits five months later, claiming that he developed that occupational disease as the result of his employment. Following hearings—at which no medical testimony was taken—a workers' compensation law judge ruled that there was insufficient evidence to establish a causal relationship between claimant's symptoms and his occupation and disallowed the claim. Upon review, the Workers' Compensation Board upheld that determination. Claimant appeals.

We reverse. Although the resolution of conflicting medical evidence, particularly as it pertains to causation, lies within the province of the Board (*see Matter of Kot v Beth Ameth Home Attendant Serv.*, 70 AD3d 1114, 1115 [2010]), the credited opinions must nonetheless constitute substantial evidence supporting the Board's decision (*see Matter of Shkreli v Initial Contr. Servs.*, 55 AD3d 1067, 1068 [2008]). Here, in denying the claim, the Board relied on medical reports prepared by Lancelot Young and Stephen Marcus, two orthopedic surgeons who examined claimant. While both of Young's reports indicate that "there are no clinical findings of carpal tunnel syndrome," he adds in each that claimant's "carpal tunnel syndrome may be secondary to his diabetes." He also expressly admitted his inability to determine causal relationship and recommended that a hand surgeon be consulted. Marcus, meanwhile, similarly opined that claimant's symptoms appear to be "more related to his diabetic neuropathy than to carpal tunnel." Although he acknowledged the positive electrodiagnostic test results, Marcus indicated that claimant "has no signs or symptoms of carpal tunnel syndrome." Nonetheless, he filed a C-4 form with the Board reflecting a diagnosis of carpal tunnel syndrome and stating that the competent producing cause of such disease was claimant's occupation. Given such apparent inconsistencies, these reports cannot serve as the basis for the Board's decision (*see Matter of Norton v North Syracuse Cent. School Dist.*, 59 AD3d 890, 891 [2009]; *Matter of Zehr v Jefferson Rehabilitation Ctr.*, 17 AD3d 811, 812 [2005]).

However, while the record includes reports from several other physicians who diagnosed claimant with bilateral carpal tunnel syndrome, the Board either rejected such opinions or found them to be similarly ambiguous. In particular, the Board observed that Walter Rho—an orthopedist who examined claimant on at least five occasions and concluded that claimant's condition appeared to be related to his work—"failed to note any specific work duties and made no notation that he was aware of the claimant's diabetic condition." With regard to this

observation, we note only that each of Rho's reports suggests that he considered claimant's occupation and medical history prior to reaching a conclusion as to claimant's disability. Nonetheless, because "this Court has limited power to review the sufficiency of [the] evidence and lacks the ability to weigh conflicting proof" (*Matter of Coscia v Association for the Advancement of Blind & Retarded*, 273 AD2d 719, 721 [2000]; *see Matter of Sajeski v Waldbaum's*, 66 AD3d 1183, 1184 [2009]), the matter must be remitted to the Board. Upon remittal, while the final result may ultimately be the same, clarification of the expert medical opinions, particularly those of Young, Marcus and Rho, is warranted (*see generally Matter of LaFlamme v S.S. Elec. Repair Shop, Inc.*, 12 AD3d 732, 733 [2004]; *Matter of Emanatian v Saratoga Springs Cent. School Dist.*, 8 AD3d 773, 774 [2004]).

Mercure, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.