◼ In the Matter of the Claim of James Dingman, Respondent, v Town of Lake Luzerne, Appellant. Workers' Compensation Board, Respondent. [941 NYS2d 820]—

Peters, P.J. Appeal from a decision of the Workers' Compensation Board, filed February 11, 2011, which ruled that claimant continued to suffer from a mild causally related disability and awarded him workers' compensation benefits.

On April 7, 2010, while installing a roof vent as a laborer for the self-insured employer, claimant fell approximately 20 feet from a ladder and sustained injuries to his left shoulder and ribs. The employer initially paid workers' compensation benefits voluntarily, but payments were suspended as of October 7, 2010, after a medical report opined that claimant was released to work full duty. Following a hearing, a Workers' Compensation Law Judge awarded benefits subsequent to October 7, 2010 at the moderate disability rate and denied the employer's request to suspend payments pending development of the record with regard to claimant's attachment to the labor market. The Workers' Compensation Board modified that decision, awarding claimant ongoing benefits after October 7, 2010 at the mild disability rate. The employer now appeals.

We reverse. The resolution of conflicting medical evidence lies within the province of the Board, but the opinions relied upon must themselves constitute substantial evidence to support the

Board's decision (*see Matter of Waldheim v Hudson Sheet Metal, Inc.*, 78 AD3d 1335, 1336 [2010]; *Matter of Shkreli v Initial Contract Servs.*, 55 AD3d 1067, 1068 [2008]). Here, in finding a mild disability, the Board relied on the C-4 form and narrative report of orthopedic surgeon Mark Kircher, who examined claimant on October 6, 2010. While Kircher's documents diagnosed claimant with a 25% temporary impairment, his narrative also unequivocally stated that claimant had "very little pain" and that he was released "back to work full duty." Given that the documents—the only basis for the Board's decision—contained inherent contradictions, we find that they cannot serve as a proper basis for the Board's decision (*see Matter of Waldheim v Hudson Sheet Metal, Inc.*, 78 AD3d at 1336).

Furthermore, inasmuch as claimant was not given notice that attachment to the labor market would be contested at the hearing, and it was not clear whether claimant still had employment available with the employer, the Board did not err in refusing the employer's request to suspend benefits while the record on that issue was developed (*see Matter of Hailoo v State Ins. Fund*, 45 AD3d 1200, 1202 [2007]; *Matter of Ickes v Sayville Animal Hosp.*, 40 AD3d 1189, 1189-1190 [2007]).

Malone Jr., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.