█ In the Matter of the Claim of SALVATORE SPINNATO, Respondent, v GE ADVANCED MATERIALS et al., Appellants and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [944 NYS2d 358]—

Peters, P.J. Appeal from a decision of the Workers' Compensation Board, filed August 27, 2010, which, among other things, established a new claim for workers' compensation benefits.

Claimant has been employed as an electrical technician by the employer since 1990. In August 1995, he experienced a compensable work-related injury to his back, for which he lost no time. As a result of that injury, a claim for workers' compensation benefits was established, the responsibility for which was eventually transferred to the Special Fund for Reopened Cases. Subsequent to 1995, claimant would frequently experience back pain due to sciatica, which would occasionally cause his right knee to give out. Additionally, beginning in June 2002, claimant was given a permanent restriction from climbing ladders, which was a routine part of his employment.

In August 2006, claimant experienced a sharp pain in his right knee that caused it to buckle, and he caught himself with his left knee. Thereafter, claimant filed a new claim for workers' compensation benefits, which was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer). Following hearings, a Workers' Compensation Law Judge disallowed the new claim and amended claimant's 1995 claim for consequential injuries to his knees as a result of the 2006 incident. However, the Workers' Compensation Board reversed, finding that medical evidence supported a finding of direct injury to claimant's knees and established a new claim. The employer appeals.

We reverse. Whether or not a claimant's disability is consequentially related to a previously established injury is a factual question for the Board to resolve, but its determination must not rely on a speculative medical opinion (*see Matter of Bradley v US Airways, Inc.*, 58 AD3d 1043, 1044 [2009]; *see generally Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d 920, 922 [2008]). Here, the employer presented the testimony of physician Dominic Belmonte, who performed an independent medical examination of claimant and reviewed his medical records, and who opined that claimant's bilateral knee symptoms were consequential to his 1995 claim. In addition, claimant's treating physician testified that it was his opinion that the symptoms described by claimant in August 2006 were consistent with his symptoms dating back to the 1995 injury, and that claimant's back problems contributed at least partially to his 2006 disability.

The only medical evidence presented to the contrary was the testimony of orthopedist Louis Nunez, who conducted an independent medical examination of claimant and concluded that his 2006 injuries were not related to his 1995 injury. However, upon cross-examination, Nunez stated that he was unaware that, since 1995, claimant had experienced frequent episodes where his knee would give out relative to his sciatica. Further, Nunez had been told that claimant had received no treatment from 1998 forward. Nunez stated further that, without looking at the documentation relative to these episodes, he would be unable to render a medical opinion. Accordingly, given the lack of reliable medical evidence, we cannot say the Board's decision is supported by substantial evidence (*see generally Matter of Dingman v Town of Lake Luzerne*, 94 AD3d 1287, 1287-1288 [2012]; *Matter of Waldheim v Hudson Sheet Metal, Inc.*, 78 AD3d 1335, 1336 [2010]).

Lahtinen, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.