*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 26, 2015          518637
_____

In the Matter of the Claim of
    RANDY WILLIAMS,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER

PREFERRED MEAL SYSTEMS et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  February 17, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Weber, Gallagher, Simpson, Stapleton, Fires & Newby, New
York City (Naveen M. Nadipuram of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.

_____

Devine, J.

        Appeal from a decision of the Workers' Compensation Board,
filed May 29, 2013, which ruled, among other things, that
claimant sustained a permanent total disability.

        Claimant, a driver, suffered injuries to his right knee and
back while making a delivery in 2009.  His claim for workers'
compensation benefits was established, and was later amended to
include consequential adjustment disorder.  The Workers'
Compensation Board ultimately found that claimant had sustained a

permanent total disability from May 2012 onward.  The employer, workers' compensation carrier and policy administrator (hereinafter collectively referred to as the employer) now appeal.

We affirm.  The Board properly rejected the employer's argument that further proof was needed as to claimant's vocational and functional capacity.  That evidence is used to "determin[e] 'loss of wage-earning capacity' for the purpose of setting the duration of a claimant's permanent partial disability benefits" (Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d 1271, 1272 [2014], quoting Workers' Compensation Law § 15 [3] [w]; see Workers' Compensation Law § 15 [5-a]).  In contrast, a permanent total disability is established where the medical proof shows that a claimant "is totally disabled and unable to engage in any gainful employment" (Matter of VanDermark v Frontier Ins. Co., 60 AD3d 1171, 1172 [2009]; see Workers' Compensation Law § 15 [1]).  The duration of benefits is not at issue in the permanent total disability context for the simple reason that "there is no expectation that [a claimant found to have such a disability] will rejoin the work force," and benefits continue for the remainder of his or her life (Burns v Varriale, 9 NY3d 207, 215 [2007]).  There is, accordingly, no need for extensive evidence of a claimant's vocational and functional capacity when the medical proof demonstrates that he or she has a permanent total disability.  Inasmuch as the opinions of orthopedists who have treated and conducted an independent medical examination of claimant constitute substantial evidence to support the finding that claimant has such a disability, we perceive no reason to disturb the Board's determination (see Matter of Malerba v Ameron Global, Inc., 117 AD3d 1302, 1302-1303 [2014]; Matter of VanDermark v Frontier Ins. Co., 60 AD3d at 1172).

We have considered the employer's remaining contention and, to the extent that it is properly before us, have found it to be lacking in merit.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.


                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court