*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                    521620
_____

In the Matter of the Claim of
    DANIEL O'BRIEN,
                    Appellant,

        v

THE CAREY CENTER FOR GLOBAL          MEMORANDUM AND ORDER
    GOOD et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  June 2, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Aarons, JJ.

                    _____


        Martin Harding & Mazzotti, LLP, Albany (Crystle A. Watts of
counsel), for appellant.

        Stockton Barker & Mead, LLP, Troy (John B. Paniccia of
counsel), for The Carey Center for Global Good and another,
respondents.

                    _____


Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed January 22, 2015, which, among other things, denied
claimant's request to amend his claim to include postconcussion
syndrome.

        Following a work-related accident wherein claimant slipped
and fell on ice, claimant established a workers' compensation
claim for injuries to his head, back and neck.  Based upon

claimant's protracted recovery and continued medical treatment, claimant sought to amend his claim to include, among other things, a concussion and postconcussion syndrome. By decision dated March 13, 2014, a Workers' Compensation Law Judge (hereinafter WCLJ) credited the medical reports and testimony of Patrick Hughes, a neurologist, finding, as is relevant to this appeal, no postconcussion syndrome. The WCLJ amended the claim to include a mild concussion and found that claimant exhibits a moderate 50% partial disability, but denied any further relief. Upon review of the record, the Workers' Compensation Board affirmed the WCLJ's decision and this appeal by claimant ensued.

We must reverse. "The resolution of conflicting medical evidence lies within the province of the Board, but the opinions relied upon must themselves constitute substantial evidence to support the Board's decision" (Matter of Dingman v Town of Lake Luzerne, 94 AD3d 1287, 1287-1288 [2012] [citations omitted]). Here, the Board relied on medical reports and testimony of Hughes wherein he opined that claimant did not suffer from postconcussion syndrome. Nevertheless, Hughes submitted an addendum report that states that claimant "sustained a mild head injury followed by a post concussion syndrome causally related to his work injury." As there is an inherent contradiction in the medical reports submitted by Hughes, they cannot constitute substantial evidence to support the Board's decision (see id.; Matter of Waldheim v Hudson Sheet Metal, Inc., 78 AD3d 1335, 1336 [2010]).

McCarthy, J.P., Garry, Devine and Aarons, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court