◼ In the Matter of the Claim of LIDIA BURGOS, Appellant, v CITYWIDE CENTRAL INSURANCE PROGRAM et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [51 NYS3d 214]—

McCarthy, J.P. Appeal from a decision of the Workers' Compensation Board, filed August 6, 2015, which ruled, among other things, that claimant sustained a permanent partial disability and an 85% loss of wage-earning capacity.

Claimant suffered a work-related back injury in July 2007

and was awarded workers' compensation benefits. In 2014, a Workers' Compensation Law Judge found that claimant sustained a permanent partial disability and an 85% loss of wage-earning capacity. The Workers' Compensation Board modified the determination by changing the area of injury from claimant's thoracic spine to lumbar spine and otherwise affirmed. Claimant now appeals.

We affirm. Claimant argues that the Board's finding of a permanent partial disability is not supported by substantial evidence. Claimant's treating physician opined that claimant suffered a total disability, due to her difficulty with prolonged walking, standing and sitting, as well as an inability to lift anything and difficulties with transportation and personal hygiene. In contrast, an orthopedic surgeon who examined claimant on behalf of the employer opined that claimant suffered from a permanent marked partial disability. According to his report, claimant could sit, stand and walk combined for up to four hours a day, and could lift objects weighing up to 20 pounds. He also opined that claimant could occasionally bend, squat, run, climb and operate a motor vehicle. Inasmuch as "it is exclusively within the Board's province to resolve conflicting medical opinions" (*Matter of DeGennaro v Island Fire Sprinkler, Inc.*, 85 AD3d 1513, 1514 [2011]; *see Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth.*, 139 AD3d 1304, 1305 [2016]), the Board's decision that claimant sustained a permanent partial disability is supported by substantial evidence and will not be disturbed.

Claimant further contends that the Board's finding that she has an exertional ability of "less than sedentary work" equates to a finding of a permanent total disability. We disagree. Under the Board guidelines, physicians are required to perform an evaluation of a claimant's functional capabilities, including his or her exertional abilities (*see* New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 44-46 [2012]).* The finding of a claimant's exertional ability is a factor to be considered by the Board in determining the claimant's loss of wage-earning capacity (*see* New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 44-46 [2012]). The loss of wage-earning capacity is used to establish the duration of benefits for claimants that have sustained a permanent

---

* Pursuant to the Board's "Doctor's Report of MMI/Permanent Impairment" form C-4.3, physicians must rank a claimant's exertional ability in one of six categories—ability to do very heavy work, heavy work, medium work, light work, sedentary work and less than sedentary work.

*partial* disability (*see* New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 44-46 [2012]; *Matter of Pravato v Town of Huntington*, 144 AD3d 1354, 1355 [2016]; *Matter of Williams v Preferred Meal Sys.*, 126 AD3d 1259, 1259 [2015]). "In contrast, a permanent total disability is established where the medical proof shows that a claimant is totally disabled and unable to engage in any gainful employment. The duration of benefits is not at issue in the permanent total disability context for the simple reason that there is no expectation that a claimant found to have such a disability will rejoin the work force" (*Matter of Williams v Preferred Meal Sys.*, 126 AD3d at 1259 [internal quotation marks, brackets and citations omitted]). Accordingly, a finding that a claimant has an exertional ability of performing less than sedentary work, while a factor to consider in setting the duration of a permanently partially disabled claimant's benefits, is not dispositive in the context of establishing the claimant's overall disability. Rather, the exertional ability to work is applicable only to those claimants already found to have sustained a permanent partial disability and, therefore, are expected to rejoin the work force.

Claimant also challenges the Board's finding of an 85% loss of wage-earning capacity. As noted above, "[i]n order to fix the duration of benefits in a permanent partial disability case that is not amenable to a schedule award, the Board is obliged to determine a claimant's loss of wage-earning capacity" (*Matter of Wormley v Rochester City Sch. Dist.*, 126 AD3d 1257, 1258 [2015] [internal quotation marks and citation omitted]; *see* Workers' Compensation Law § 15 [3] [w]). In determining a claimant's loss of wage-earning capacity, the Board must consider several factors, including the nature and degree of the work-related permanent impairment and the claimant's functional capabilities, as well as vocational issues—including the claimant's education, training, skills, age and proficiency in the English language (*see* New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 47-49 [2012]; *Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth.*, 139 AD3d at 1306).

Here, the Board credited both the opinion of claimant's physician and the employer's surgeon that claimant could perform less than sedentary work, but clearly also credited the specific conclusions of the employee's surgeon that, during an eight-hour period, claimant could sit for roughly two hours and stand and walk for roughly one hour each. The Board further credited the conclusion of claimant's physician that claimant's lumbar

condition was in the severity rating J category—the most severe rating—pursuant to the applicable guidelines (*see* New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 44-46, 120 [2012]). The record also reflects that the Board took into consideration the fact that claimant is in her fifties, has an eighth-grade education from the Dominican Republic, has very limited proficiency in the English language and has worked as a home health care aide and as a seamstress in a factory. Deferring to the Board's assessment of credibility and assessment of the record evidence, substantial evidence supports the establishment of an 85% loss of wage-earning capacity (*see Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth.*, 139 AD3d at 1306; *Matter of Wormley v Rochester City Sch. Dist.*, 126 AD3d at 1258-1259). Claimant's remaining contentions have been considered and found to be without merit.

Devine and Mulvey, JJ., concur.

Lynch, J. (dissenting). We respectfully dissent. The Workers' Compensation Board credited the medical testimony of claimant's treating physician assigning a severity rating J to claimant's lumbar injury, the highest possible rating under the 2012 New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity. The Board further determined that "claimant was capable of less than sedentary work," defined in the Board's "Doctor's Report of MMI/Permanent Impairment" form C-4.3 as "unable to meet the requirements of [s]edentary [w]ork." Sedentary work is, in turn, defined as work that "involves sitting most of the time, but may involve walking or standing for brief periods of time" (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 45 [2012]). To establish a permanent total disability, a claimant must demonstrate that he or she "is totally disabled and unable to engage in any gainful employment" (*Matter of VanDermark v Frontier Ins. Co.*, 60 AD3d 1171, 1172 [2009]; *see* Workers' Compensation Law § 15 [1]).

Here, the Board explained that "when there is sufficient medical evidence of permanent total disability, the Board does not need to develop the record on issues of . . . functional ability," citing to *Matter of Williams v Preferred Meal Sys.* (126 AD3d 1259, 1260 [2015]). Utilizing that standard, the Board concluded that claimant's medical evidence established only a 75% impairment. In our view, this conclusion is inconsistent with the Board's own findings and guidelines. To properly gauge whether someone is able "to engage in any gainful

employment," the guidelines necessitate consideration of the nature of the injury and the resulting impact on a claimant's actual ability to function. Under the guidelines, the severity rating assigned to an injury "is generally reflective of the expected functional status for each [c]lass relative to other [c]lasses within a [c]hapter" (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity, table 18.1; *see* New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity, table 11.2 [2012]). Where, as here, the Board has accepted the medical testimony assigning the most severe rating to claimant's lumbar injury and determined that she is unable to perform even sedentary work, a finding of a permanent total disability is warranted. To hold otherwise, one must confront the defining question of what gainful employment claimant might possibly be able to perform—the record identifies no such employment and, to be direct, nothing comes to mind. As such, it is our view that the Board erred in failing to find that claimant sustained a permanent total disability.

Garry, J., concurs. Ordered that the decision is affirmed, without costs.