Matter of Thakkar v Walmart Assoc., Inc. (2024 NY Slip Op 05255)

Matter of Thakkar v Walmart Assoc., Inc.

2024 NY Slip Op 05255

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-23-0356
[*1]In the Matter of the Claim of Purvi Thakkar, Claimant,
v
Walmart Associates, Inc., Appellant. Workers' Compensation Board, Respondent.

Calendar Date:September 5, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Goldberg Segalla, Rochester (Bradford J. Reid of counsel), for appellant.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed January 23, 2023, which ruled that claimant sustained a permanent total disability.
In 2015, claimant, a pharmacy technician for the self-insured employer, filed a workers' compensation claim after she was injured when she slipped on water and fell at work. The claim was established for injuries to her neck, low back, right shoulder and right knee and benefits were awarded at a temporary total disability rate. Thereafter, the claim was amended to include chronic regional pain syndrome to her right upper extremity and carpal tunnel syndrome. In February 2018, the Workers' Compensation Board ruled, among other things, that claimant was temporarily totally disabled and directed payment of awards from August 28, 2017, and continuing. The claim was again amended in 2019 to include consequential major depressive disorder and postconcussion syndrome.
Following a hearing in 2019, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, classified claimant with a permanent total disability based upon the independent medical examination report of Adam Soyer, an orthopedic surgeon, and awarded benefits at a permanent total disability rate. The Board, however, in a decision filed October 15, 2019, rescinded the WCLJ's classification of permanent total disability, finding insufficient medical evidence to support such a conclusion and continued awards at a temporary total disability rate. Specifically, the Board found that, although Soyer found that claimant reached maximum medical improvement (hereinafter MMI), this was belied by the fact that he was unable to do a complete examination of claimant in order to assess a schedule loss of use for the right arm and wrist or for spinal permanency. Further, the Board noted that, although Soyer found evidence of a causally-related total disability from an orthopedic standpoint, he did not specify whether there was a permanent or temporary impairment.
Following claimant's request for further action and the submission of additional medical evidence, the WCLJ again ruled, among other things, that there was sufficient evidence to find that claimant had a permanent total disability as a result of her work-related injuries. By decision filed January 23, 2023, the Board affirmed the WCLJ's decision. This appeal ensued.
We reverse. "[A] permanent total disability is established where the medical proof shows that a claimant is totally disabled and unable to engage in any gainful employment" (Matter of Williams v Preferred Meal Sys., 126 AD3d 1259, 1259 [3d Dept 2015] [internal quotation marks and citations omitted]; accord Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d 1493, 1495 [3d Dept 2017], affd 30 NY3d 990 [2017]). "The resolution of conflicting medical evidence lies within the province of the Board, but the opinions relied upon must themselves constitute substantial evidence to support the Board's decision" (Matter of Dingman [*2]v Town of Lake Luzerne, 94 AD3d 1287, 1287-1288 [3d Dept 2012] [citations omitted]; accord Matter of O'Brien v Carey Ctr. for Global Good, 140 AD3d 1492, 1493 [3d Dept 2016]).
Here, the Board principally relied on the independent medical examination report and addendum of Ronald Mann, an orthopedic surgeon, who opined that claimant has reached MMI and that classification of permanent total disability was applicable. However, in his addendum, Mann noted that claimant was unable to be evaluated under the permanency guidelines to a reasonable degree of medical certainty with respect to her cervical spine, lumbar spine, right shoulder, right knee or right wrist as claimant demonstrated no motion in those areas. Moreover, his opinion regarding MMI and classification was based upon claimant's history as presented and findings upon examination that were nonphysiological in nature.
Given the inherent contradiction in Mann's report and addendum, the matter must be remitted to the Board for clarification of the record (see Matter of Ayars v Navillus Tile Co., 219 AD3d 1614, 1617 [3d Dept 2023]; Matter of Waldheim v Hudson Sheet Metal, Inc., 78 AD3d 1335, 1337 [3d Dept 2010]; Matter of Sajeski v Waldbaum's, 66 AD3d 1183, 1184 [3d Dept 2009]; Matter of Boskin v Bresee Chevrolet Co., 27 AD2d 969, 969 [3d Dept 1967]). "Upon remittal, while the final result may ultimately be the same, clarification of" Mann's reports iswarranted (Matter of Waldheim v Hudson Sheet Metal, Inc., 78 AD3d at 1337). Further, the Board, in its discretion, may permit the parties to submit additional evidence on the classification issue presented herein (see Matter of Ayars v Navillus Tile Co., 219 AD3d at 1617; Workers' Compensation Law § 123).
Clark, J.P., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.