Matter of Serrano v Bay Park Ctr. for Nursing & Rehabilitation (2025 NY Slip Op 01844)

Matter of Serrano v Bay Park Ctr. for Nursing & Rehabilitation

2025 NY Slip Op 01844

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CV-23-1969
[*1]In the Matter of the Claim of Jaime Serrano, Appellant,
v
Bay Park Center for Nursing & Rehabilitation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 18, 2025

Before:Clark, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

Ugalde & Rzonca, LLP, Rego Park (John F. Clennan, Ronkonkoma, of counsel), for appellant.
Michael J. Garcia, Utica, for Oriska Insurance Company, respondent.

Mackey, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed September 27, 2023, which ruled, among other things, that claimant did not sustain a permanent total disability, and (2) from a decision of said Board, filed December 21, 2023, which denied claimant's application for reconsideration and/or full Board review.
In 2014, claimant, a housekeeper, was injured at work while lifting a bag of soiled linen, and his subsequent claim for workers' compensation benefits was established for injuries to his left shoulder and lower back. Claimant underwent rotator cuff surgery in March 2015 and obtained additional treatment thereafter. In a February 2017 notice of decision, a Workers' Compensation Law Judge (hereinafter WCLJ) amended the claim to include consequential depression and determined that claimant was not attached to the labor market. In 2018, a WCLJ directed the parties to obtain and provide evidence of permanency, as well as labor market attachment.[FN1] Following a hearing to address, among other things, the extent of claimant's disability, the WCLJ, in a March 2023 decision, found that, because claimant could not do sedentary work, light duty work or part-time work, claimant had a temporary total disability from August 27, 2020 to March 10, 2023 and a permanent total disability subsequent to March 10, 2023. Upon administrative review,[FN2] the Workers' Compensation Board found, as relevant here, that claimant had submitted insufficient credible medical evidence of a permanent total disability as a result of the established injuries of the claim. Claimant's ensuing application for reconsideration and/or full Board review was denied, and claimant now appeals from both Board decisions.
We affirm. "Workers' Compensation Law § 15 (1)-(3) and (5) provides compensation for four distinct classes of injury: permanent total disability, temporary total disability, permanent partial disability and temporary partial disability" (Matter of Jennings v Stop & Shop, 210 AD3d 1272, 1275 [3d Dept 2022], lv denied 39 NY3d 911 [2023] [internal quotation marks and citation omitted]). As relevant here, "a permanent total disability is established where the medical proof shows that a claimant is totally disabled and unable to engage in any gainful employment" (Matter of Williams v Preferred Meal Sys., 126 AD3d 1259, 1259 [3d Dept 2015] [internal quotation marks and citation omitted]; accord Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d 1493, 1495 [3d Dept 2017], affd 30 NY3d 990 [2017]; see Workers' Compensation Law § 15 [1]; cf. Rubeis v Aqua Club, Inc., 3 NY3d 408, 417 [2004]). "The resolution of conflicting medical evidence lies within the province of the Board, but the opinions relied upon must themselves constitute substantial evidence to support the Board's decision" (Matter of Dingman v Town of Lake Luzerne, 94 AD3d 1287, 1287-1288 [3d Dept 2012] [citations omitted]; accord Matter of O'Brien v Carey Ctr. for Global Good, 140 AD3d 1492, 1493 [3d [*2]Dept 2016]).
Gregory Brown, a psychiatrist who conducted a medical examination of claimant on behalf of the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) in August 2020, opined that claimant's consequential depressive condition had reached maximum medical improvement (hereinafter MMI) and that claimant "is not able to work a full-time position, a part-time position, or a light duty position" due to his "low energy levels, low motivation levels, increased irritability in interactions with others [that] would impair the ability to interact with supervisors, members of the public, or coworkers, combined with the necessity to lie flat for up to 24 hours during periods when pain is exacerbated which would interfere with his ability to work within an eight-hour workday five days per week and during which time his level of dysphoria is also substantially worsened." However, in a September 15, 2020 addendum by Brown, he opined that claimant has a 75% marked permanent partial disability. Juraci DaSilva, claimant's treating psychologist who conducted a January 25, 2021 clinical psychological examination of claimant, reported that claimant had reached MMI and that, similar to Brown's conclusion, claimant "continues to have a marked permanent psychological disability of 85% that is mainly a consequence of his chronic pain. His depressive symptoms[,] . . . e.g., low energy, low tolerance to interaction with people, and irritability are aggravated by chronic pain, making him unable to return to work."
In February 2018, Steven Renzoni, an orthopedic surgeon, conducted a medical examination of claimant on behalf of the carrier in which he reviewed claimant's medical records and physically examined claimant. Renzoni concluded that claimant's conditions had reached MMI and that, if the claim did not include a nonschedule lower back injury, the injury to claimant's left shoulder would be amenable to a 30% schedule loss of use of the left arm. As for claimant's lower back injury, Renzoni stated that there were "no objective clinical findings of radiculopathy or any other neurological deficiency at the time of [the] examination," and therefore claimant has a soft tissue spine condition with a class 2, severity ranking level A. Renzoni advised that claimant could work with restrictions against lifting and use of the left arm, operating machinery and frequent driving. Renzoni's restrictions were also consistent with the restrictions set forth by Imelda Cruz-Banting, claimant's treating physician who specializes in physical medicine and rehabilitation. In her June 2018 report of MMI/Permanent Impairment, Cruz-Banting opined that claimant, who was permanently impaired (partial), could perform sedentary work (involving up to 10 pounds of force). In reaching its conclusion that claimant does not have a permanent total disability, the Board elected to credit the testimony of claimant's treating physician, as well as the [*3]orthopedic surgeon who examined claimant on behalf of the carrier, each of whom concluded that claimant was capable of some work and gainful employment. The Board found it significant that claimant had "not sought medical treatment for greater than a year," which called into question claimant's reporting of severe and wholly disabling symptoms to Brown and DaSilva. "The Board was clearly entitled to weigh the evidence in this manner" (Matter of VanDermark v Frontier Ins. Co., 60 AD3d 1171, 1172 [3d Dept 2009] [citations omitted]), and, given that substantial evidence supports the Board's decision, we find no reason to disturb it (compare Matter of Williams v Preferred Meal Sys., 126 AD3d at 1259-1260).
Claimant's argument that the Board erred in denying his application for reconsideration and/or full Board review is similarly unpersuasive. To succeed on such an application, "the applicant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Villagil v Sauce Pizzeria III, LLC, 222 AD3d 1154, 1155-1156 [3d Dept 2023] [internal quotation marks and citations omitted]). Claimant has failed to make such a demonstration, as his arguments in this regard simply mirror his challenges to the underlying Board decision, and we therefore discern no basis upon which to conclude that the Board's denial of the application was arbitrary and capricious or otherwise an abuse of discretion. The carrier's remaining arguments, to the extent not specifically addressed, have been considered and found to be without merit.
Clark, J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Claimant was involved in a February 8, 2017 motor vehicle accident which resulted in litigation and alleged exacerbation of his conditions.

Footnote 2: The employer and its workers' compensation carrier also sought review of a January 31, 2023 decision assessing a penalty upon the employer and the carrier for causing an unnecessary adjournment. The Workers' Compensation Board ultimately denied the carrier's application for Board review of the January 2023 decision because the employer and carrier failed to, among other things, include proper proof of timely service.