Matter of Brickner v Medtronic, Inc. (2025 NY Slip Op 04947)

Matter of Brickner v Medtronic, Inc.

2025 NY Slip Op 04947

Decided on September 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 11, 2025

CV-24-1036
[*1]In the Matter of the Claim of Donna Brickner, Appellant,
v
Medtronic, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:August 14, 2025

Before:Lynch, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Savino & Smollar PC, New York City (Brett Aurrichio of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Jennifer K. Arcarola of counsel), for Medtronic, Inc. and another, respondents.

Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed May 8, 2024, which ruled, among other things, that claimant did not sustain a permanent total disability.
In 2019, claimant was injured at work, and her ensuing claim for workers' compensation benefits was established for an exacerbation of a prior lower back injury resulting in a temporary total disability. Following medical evaluations and a hearing to address, among other things, the extent of claimant's disability, the Workers' Compensation Law Judge (hereinafter WCLJ), in a June 2023 decision, found, based upon the finding of the employer's workers' compensation carrier's consultant that claimant was capable of sedentary work with significant restrictions, that claimant had a permanent partial disability of 90%. Given the severity of claimant's disability, the WCLJ also found that the issue of labor market attachment was waived. Claimant sought administrative review,[FN1] arguing, among other things, that the medical evidence showed that she had sustained a permanent total disability. The Workers' Compensation Board found, as relevant here, that claimant had submitted insufficient credible medical evidence of a permanent total disability as a result of the established injuries of the claim. Claimant appeals.
We affirm. "Workers' Compensation Law § 15 (1)-(3) and (5) provides compensation for four distinct classes of injury: permanent total disability, temporary total disability, permanent partial disability and temporary partial disability" (Matter of Jennings v Stop & Shop, 210 AD3d 1272, 1275 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 39 NY3d 911 [2023]). "As relevant here, 'a permanent total disability is established where the medical proof shows that a claimant is totally disabled and unable to engage in any gainful employment' " (Matter of Serrano v Bay Park Ctr. for Nursing & Rehabilitation, 236 AD3d 1256, 1257 [3d Dept 2025], quoting Matter of Williams v Preferred Meal Sys., 126 AD3d 1259, 1259 [3d Dept 2015]; accord Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d 1493, 1495 [3d Dept 2017], affd 30 NY3d 990 [2017]; see Workers'Compensation Law § 15 [1]; cf. Rubeis v Aqua Club, Inc., 3 NY3d 408, 417 [2004]). "The resolution of conflicting medical evidence lies within the province of the Board, but the opinions relied upon must themselves constitute substantial evidence to support the Board's decision" (Matter of Serrano v Bay Park Ctr. for Nursing & Rehabilitation, 236 AD3d at 1257 [internal quotation marks and citations omitted]).
The carrier's consultant, who examined claimant on behalf of the carrier and performed a medical records review, stated that the diagnosis for the injury of record for claimant consisted of, among other things, chronic pain syndrome, preexisting lumbar spondylosis, radiculopathy, and status post lumbar fusion L5-S1 with chronic S1
radiculopathy. The consultant found that claimant had sustained a permanent [*2]impairment of the lumbar spine with a class 4, severity H ranking. Given the foregoing, in addition to claimant's self-reported limitations reflected in other medical reports that the consultant had reviewed, the consultant opined that, from the standpoint of claimant's musculoskeletal injury, she could return to work in a sedentary capacity but would require restrictions, which would include exerting only up to 10 pounds of force occasionally and/or a negligible amount of force. The consultant concluded that claimant "could not do any bending, lifting, stooping, pushing, pulling more than just paper. Limited stair climbing, limited walking. [Claimant n]eeds to be able to stand, sit, change position as necessary, [and s]he would need to be able to work in schedule that is flexible."
Claimant's treating physician similarly found claimant to be permanently impaired as a result of her disabling conditions, including lumbosacral disc replacement, lower back pain, radiculopathy of sacral and sacrococcygeal region, radiculopathy of her right and left side lower limb, sciatica of her right and left side, monoplegia of her lower limb affecting her right and left side, bilateral hip pain, bruising and pain of her upper and lower extremity and torso, fatigue, major depressive disorder, generalized anxiety disorder, generalized weakness and dizziness. Given her disabilities and accompanying daily use of, among other medications, opioids, benzodiazepines, muscle relaxers and antinociceptives, claimant's treating physician found that claimant could not perform work or any employment activity with or without restrictions/accommodations. However, claimant reported to her treating physician that she could occasionally lift, carry, push and pull up to 10 pounds, that she could occasionally kneel, bend, stoop and squat, that she was able to reach overhead and drive a motor vehicle, and that she was able to dress herself, eat, toilet and bathe without assistance. Although claimant experiences difficulty with walking, she reported that she started going for short walks in her neighborhood of up to 500 feet to build her stamina. In addition to claimant's self-reported abilities, the Board found it significant that claimant's treating physician did not forbid her from bending, kneeling or squatting. In reaching its conclusion that claimant does not have a permanent total disability, the Board elected to rely upon the position of claimant's treating physician, who, along with claimant's self-reported functional abilities, concluded that claimant was capable of greater activity than the carrier's consultant. The Board found this point significant. "The Board was clearly entitled to weigh the evidence in this manner" (Matter of VanDermark v Frontier Ins. Co., 60 AD3d 1171, 1172 [3d Dept 2009] [citations omitted]), and, given that substantial evidence supports the Board's decision, we find no reason to disturb it (see Matter of Serrano v Bay Park Ctr. for Nursing & Rehabilitation[*3], 236 AD3d at 1257-1258; Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d at 1494-1495; compare Matter of Williams v Preferred Meal Sys., 126 AD3d at 1259-1260). To the extent that claimant's remaining contentions are properly before us, they have been considered and found to be without merit.[FN2]
Ceresia, Fisher, Powers and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The WCLJ's finding that labor market attachment was waived was not challenged on administrative appeal by the parties.

Footnote 2: We take note that, upon finding that claimant had a permanent partial disability of 90%, the WCLJ properly continued the case "for loss of wage[-]earning capacity testimony and the decision" (see Workers' Compensation Law § 15 [3] [w]). In so doing, however, the WCLJ incorrectly opined that the degree of claimant's impairment could be "bump[ed] . . . up to total" depending on claimant's testimony and submission of her VDF-1 form. Whether or not claimant is totally disabled must be determined by looking at whether the "medical proof shows that . . . claimant is totally disabled and unable to engage in gainful employment" (Matter of Serrano v Bay Park Ctr. for Nursing & Rehabilitation, 236 AD3d at 1257 [emphasis added]; see generally Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d at 1495). We further note that the Board is permitted to reexamine whether claimant is totally disabled based upon the medical evidence before it at any time pursuant to Workers' Compensation Law § 123.