*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                    518453
_____

In the Matter of the Claim of
    GWENDOLYN WORMLEY,
                        Respondent,

        v
                                        MEMORANDUM AND ORDER

ROCHESTER CITY SCHOOL DISTRICT
    et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  February 18, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

        Hamberger & Weiss, Rochester (David P. Kuhn of counsel),
for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.

_____

Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed April 25, 2013, which ruled that claimant had sustained a
causally related loss of earning capacity.

        Claimant, a teaching assistant, injured her lower back when
she slipped and fell at her job in September 2008, and she has
not returned to work.  She successfully applied for workers'
compensation benefits and was eventually classified as having

sustained a marked permanent partial disability.  In January 2013, a Workers' Compensation Law Judge issued a decision finding that, among other things, claimant had sustained an 80% loss of wage earning capacity.  The Workers' Compensation Board affirmed, and the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) now appeal.

We affirm.  In order to fix the duration of benefits in a permanent partial disability case that is not amenable to a schedule award, the Board is obliged to determine a claimant's "loss of wage-earning capacity" (Workers' Compensation Law § 15 [3] [w]; see Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d 1271, 1273 [2014]).  The Board relies upon various factors in making that determination, "including 'the nature and degree of the work-related permanent physical and/or mental impairment, work restrictions, [and] claimant's age'" (Matter of Cameron v Crooked Lake House, 106 AD3d 1416, 1416 [2013], lv denied 22 NY3d 852 [2013], quoting Employer: Buffalo Auto Recovery Svd, 2009 WL 5177881, *10, 2009 NY Wrk Comp LEXIS 15501, *27 [WCB No. 8070 3905, Nov. 12, 2009]; see Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d at 1273).  Here, while there was dispute as to how to categorize claimant's disability for workers' compensation purposes, there is little question that her back injury prevents her from prolonged sitting, walking, bending or lifting more than 10 pounds.  Claimant further takes several strong pain medications that leave her unable to concentrate, cause memory loss, dizziness and blurred vision, and prevent her from driving or operating any heavy machinery.  The record also reflects that claimant faces numerous challenges to finding employment, including that she is in her 50s, lacks a high school diploma, has "middle school" level reading and math skills, and lacks experience in fields where one with her educational background could likely find employment.  Thus, deferring to the Board's assessment of credibility, substantial evidence supports its determination that claimant has lost 80% of her wage-earning capacity (see Matter of Cameron v Crooked Lake House, 106 AD3d at 1416).

We have examined the employer's remaining arguments and have found them to lack merit.

Peters, P.J., Lahtinen and Garry, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court