*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   May 19, 2016                    521979
_____

In the Matter of the Claim of
    ERIC ROMAN,
                        Appellant,

        v

MANHATTAN & BRONX SURFACE                MEMORANDUM AND ORDER
    TRANSIT OPERATING AUTHORITY,
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   April 26, 2016

Before:   Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

                    _____

        Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel),
for appellant.

        Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe
of counsel), for Manhattan & Bronx Surface Transit Operating
Authority, respondent.

                    _____

Lahtinen, J.

        Appeal from a decision of the Workers' Compensation Board,
filed February 9, 2015, which ruled, among other things, that
claimant sustained a permanent moderate partial disability and a
60% loss of wage-earning capacity.

        In November 2010, claimant, a bus driver, was assaulted and
beaten by a passenger and sustained work-related injuries to his
head, neck, face, nose, ribs and chest.  Claimant subsequently

applied and received workers' compensation benefits, and his claim was established for each site of injury including posttraumatic stress disorder.  Thereafter, a Workers' Compensation Law Judge (hereinafter WCLJ) found that, due to his causally-related psychiatric impairment, claimant sustained a permanent partial disability, was totally industrially disabled as a result of the impairment and, when taking into consideration vocational factors of education and experience, had a loss of wage-earning capacity of 99%.  Upon review, the Workers' Compensation Board modified the decision of the WCLJ, finding, among other things, that claimant had a permanent moderate partial disability, that there was insufficient evidence to support the WCLJ's finding that claimant had a total industrial disability and that claimant had a loss of wage-earning capacity of 60%.  Claimant now appeals.

We affirm.  Claimant contends that the Board's finding that he was permanently disabled only in the moderate range was not supported by substantial evidence.  We cannot agree.  "It is well settled that this Court accords great deference to the Board's resolution of issues concerning conflicting medical evidence and witness credibility, and the Board may accept or reject portions of a medical expert's opinion" (Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1277 [2016] [internal quotation marks, brackets and citations omitted]; accord Matter of Malerba v Ameron Global, Inc., 117 AD3d 1302, 1302-1303 [2014]).  Here, although claimant's physician stated that claimant had a permanent impairment of 85% due to posttraumatic stress disorder, depression and agoraphobia, the physician acknowledged that he did not specialize in psychiatry or psychology and further acknowledged that claimant had not reported any problems with activities of daily living or with traveling on his own to medical appointments.  Indeed, claimant, who lives alone, testified that he is able to drive his own vehicle and to take care of himself and his abode without assistance, and claimant is comfortable speaking, reading and writing English.  The employer's psychiatric consultant — who examined claimant on several occasions, conducted an independent medical examination of claimant and concluded that claimant has a permanent moderate psychiatric disability — also noted that claimant does not have suicidal ideation, cognitive impairments or impaired judgment or

insight.  As the Board was empowered to resolve the conflicting medical evidence in reaching its conclusion, we find that the Board's decision that claimant sustained a causally-related permanent moderate partial psychiatric disability is supported by substantial evidence, and there is no basis upon which to disturb that decision (see Matter of Cicciarelli v Westchester Health Care Corp., 86 AD3d 733, 734 [2011]; Matter of Mearns v Sunoco, Inc., 77 AD3d 1045, 1046 [2010]).

Equally unpersuasive is claimant's contention that substantial evidence does not support the Board's finding that claimant sustained a loss of wage-earning capacity of 60%.  In order to fix the duration of benefits in a permanent partial disability case that is not amenable to a schedule award, the Board is obliged to determine a claimant's "loss of wage-earning capacity" (Workers' Compensation Law § 15 [3] [w]; see Matter of Wormley v Rochester City Sch. Dist., 126 AD3d 1257, 1258 [2015]; Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d 1271, 1273 [2014]).  In so doing, "the Board relies upon various factors in making that determination, including the nature and degree of the work-related permanent physical and/or mental impairment, work restrictions, and claimant's age" (Matter of Wormley v Rochester City Sch. Dist., 126 AD3d at 1258 [internal quotation marks, brackets and citations omitted]; see Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d at 1273).  Here, in establishing claimant's loss of wage-earning capacity, the Board properly considered his functional abilities and limitations in light of his psychiatric impairment, the fact that he only possessed a high school education, his age, his previous work experience, which the Board found to include additional marketable and transferrable job skills, and his proficiency in the English language (see Matter of Schirizzo v Citibank NA-Banking, 128 AD3d 1293, 1294 [2015]; see also Employer: We Care Transportation, Inc., 2014 WL 3752256, *2, 2014 NY Wrk Comp LEXIS 04845, *5-6 [WCB 8050 1872, July 25, 2014]; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 47-49 [2012]).  Thus, deferring to the Board's assessment of credibility and assessment of the record evidence, we find that the Board's establishment of a 60% loss of wage-earning capacity is supported by substantial evidence (see Matter of Baczuk v Good Samaritan Hosp., 132 AD3d 1033, 1035 [2015];

Matter of Wormley v Rochester City Sch. Dist., 126 AD3d at 1258).

Finally, substantial evidence supports the Board's finding that claimant is not totally industrially disabled. Although "[a] claimant who has a permanent partial disability may nonetheless be classified as totally industrially disabled where the limitations imposed by the work-related disability, coupled with other factors, such as limited educational background and work history, render the claimant incapable of gainful employment" (Matter of Rose v Roundpoint Constr., 124 AD3d 1033, 1034 [2015] [internal quotation marks and citations omitted]; see Matter of Williams v Preferred Meal Sys., 126 AD3d 1259, 1259 [2015]), the record evidence demonstrates that, while claimant would not be able to operate a passenger bus safely, he has held various other types of employment in the food service, construction and cable television industries and continues to operate a motor vehicle without assistance and possesses a commercial driver's license. Accordingly, we find that substantial evidence supports the Board's finding that claimant is not totally industrially disabled as a result of his permanent partial disability (see Matter of Wooding v Nestle USA, Inc., 75 AD3d 1043, 1044 [2010]; Matter of Newman v Xerox Corp., 48 AD3d 843, 844 [2008]). Claimant's remaining contentions, including that the Board's decision exhibited bias and denied him due process of law, have been examined and found to be unavailing (cf. Matter of Person v Li Maintenance Ad, 66 AD3d 1063, 1064 [2009], lv denied 14 NY3d 708 [2010]; Matter of Knight v New York State & Local Employees' Retirement Sys., 266 AD2d 774, 776 [1999]).

Peters, P.J., Egan Jr., Devine and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court