*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 17, 2016                    522851
_____

In the Matter of the Claim of
    GEANNINE MADDOX,
                        Appellant,

        v

BAUMANN SONS BUSES et al.,                    MEMORANDUM AND ORDER
                    Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:   October 11, 2016

Before:   Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

                        _____


        Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel),
for appellant.

        Stewart Greenblatt Manning & Baez, Syosett (Luke R.
Tarantino of counsel), for Baumann Sons Buses and another,
respondents.

                        _____


Devine, J.

        Appeal from a decision of the Workers' Compensation Board,
filed July 24, 2015, which ruled, among other things, that
claimant sustained a permanent partial disability and a 40% loss
of wage-earning capacity.

        In June 2009, claimant injured her back while working as a
driver and her subsequent claim for workers' compensation
benefits was established.  Thereafter, a Workers' Compensation
Law Judge (hereinafter WCLJ) found that claimant sustained a

permanent partial disability and, after taking into consideration vocational factors such as age, education and experience, found that claimant had a loss of wage-earning capacity of 80%. The WCLJ also modified prior temporary partial disability awards for the time periods of August 2, 2010 to February 4, 2011, March 16, 2011 to August 12, 2011 and August 3, 2012 to June 10, 2014. Upon review, the Workers' Compensation Board agreed that claimant sustained a permanent partial disability, but found that she had a loss of wage-earning capacity of 40%. The Board also rescinded the WCLJ's modification of the prior awards. Claimant now appeals.

Claimant challenges the Board's determination that she sustained a loss of wage-earning capacity of 40%. "In order to fix the duration of benefits in a permanent partial disability case that is not amenable to a schedule award, the Board is obliged to determine a claimant's 'loss of wage-earning capacity'" (Matter of Wormley v Rochester City Sch. Dist., 126 AD3d 1257, 1258 [2015], quoting Workers' Compensation Law § 15 [3] [w]; see Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d 1271, 1273 [2014]). "In so doing, the Board relies upon various factors in making that determination, including the nature and degree of the work-related permanent physical and/or mental impairment, work restrictions, and claimant's age" (Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d 1304, 1306 [2016] [internal quotation marks and citation omitted]; see Matter of Wormley v Rochester City Sch. Dist., 126 AD3d at 1258).

Here, claimant's treating orthopedic surgeon issued a report indicating that claimant's functional capacities at work included occasionally being able to sit, stand, walk, kneel and bend, but that she was unable to perform sedentary work. The report also indicated that claimant was able to drive a vehicle frequently, however, the surgeon contradicted his report by testifying that a sedentary job may be appropriate for claimant.[1]

---

[1] Pursuant to the EC-4.3 form, the term "frequently" refers to the capability of performing a work activity "from [one-third] to [two-thirds] of the time" and the term

The Board credited the medical opinion as to claimant's ability to drive frequently and the surgeon's testimony regarding claimant's ability to perform sedentary work, and, in determining her loss of wage-earning capacity, considered the fact that claimant was 37 years old, had a high school education, was proficient with the English language and had past work experience as a driver for an ambulette company and as a bus driver (see Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d at 1306; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 47-49 [2012]).  Deferring to the Board's assessment of credibility and record evidence, we find that substantial evidence supports its establishment of a 40% loss of wage-earning capacity (see Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d at 1306; Matter of Wormley v Rochester City Sch. Dist., 126 AD3d at 1258).

Claimant also challenges the Board's rescission of the WCLJ's modification of the prior awards for temporary partial disability.  The Board rescinded the modification based upon its belief that the WCLJ improperly modified the awards based upon the loss of wage-earning capacity, stating that "[a]wards for a temporary [partial] disability are based upon the medical impairment, while awards for a permanent disability are based upon loss of wage[-]earning capacity" (see e.g. Matter of Franklin v New England Motor Frgt., 142 AD3d 747, 748 [2016]).  A review of the record, however, reveals that the WCLJ found claimant to have a 75% medical impairment.  Notably, the WCLJ stated at the hearing that the prior temporary awards "have been modified to the 75 percent medical impairment level" and there is nothing in the record to indicate that the WCLJ based the modification of the temporary awards on the finding of an 80% loss of wage-earning capacity.  Inasmuch as "a Board determination cannot be sustained when it is clearly based on incorrect facts or an inaccurate reading of the record" (Matter of LaFlamme v S.S. Elec. Repair Shop, Inc., 12 AD3d 732, 733 [2004] [internal quotation marks and citation omitted]; see

_____

"occasionally" refers to the capability to perform a task "up to [one-third] of the time."

Matter of Simpson v New York City Tr. Auth., 136 AD3d 1192, 1193 [2016]), the Board's determination that the WCLJ improperly modified the prior temporary awards based upon the loss of wage-earning capacity, and not based upon medical impairment, must be reversed and the matter remitted to the Board for further proceedings.

Peters, P.J., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the decision is modified, without costs, by reversing so much thereof as rescinded the modification of the prior temporary disability awards for the time periods of August 2, 2010 to February 4, 2011, March 16, 2011 to August 12, 2011 and August 3, 2012 to June 10, 2014; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court