*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 19, 2017                    522261
_____

In the Matter of the Claim of
    DANIEL MARTONE,
                         Appellant,

        v

NIAGARA FRONTIER TRANSPORTATION            MEMORANDUM AND ORDER
    AUTHORITY-METRO et al.,
                         Respondents.

WORKERS' COMPENSATION BOARD,
                         Respondent.
_____

Calendar Date:  December 13, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

                    _____


        Losi & Gangi, PC, Buffalo (Thorice M. Jacobs of counsel),
for appellant.

        Hamberger & Weiss, Buffalo (Kristin M. Machelor of
counsel), for Niagara Frontier Transportation Authority-Metro and
another, respondents.

                    _____


Mulvey, J.

        Appeal from a decision of the Workers' Compensation Board,
filed January 30, 2015, which ruled, among other things, that
claimant sustained a permanent partial disability and a 75% loss
of wage-earning capacity.

        In 2005, claimant, a bus driver, sustained a compensable
work-related injury to his neck and back and was awarded workers'
compensation benefits.  In 2007, claimant established a second

work-related claim to his low back and his disability was apportioned 75% to the 2005 accident and 25% to the 2007 accident.  Claimant underwent lumbar spine surgery in 2010.  Thereafter, due to claimant's continued pain, a hearing on the issue of the degree of permanency and loss of wage earning capacity was held in 2014.  At the conclusion of that hearing, the Workers' Compensation Law Judge ruled that claimant was permanently totally disabled.  The Workers' Compensation Board modified that decision and found that, based upon a review of the medical evidence and consideration of relevant factors, claimant has a permanent partial disability and exhibits a 75% loss of wage-earning capacity.  Claimant appeals.

Claimant contends that the Board's finding that he was permanently disabled only to a partial degree is not supported by substantial evidence.  We disagree.  Indeed, the record establishes that claimant suffers from, among other things, chronic pain syndrome as a result of the work-related injuries and that he was medically assessed with a class 4 impairment, severity ranking between D and F.  However, medical evidence reflects that, to some extent, claimant exhibits submaximal efforts with regard to his recovery.  Specifically, in discussing claimant's role of getting better, claimant's physician noted that claimant "need[ed] to move beyond his level of pain and focus on getting back function and increased activity."  Further, an independent medical examiner noted claimant's high dosages of medication, which were "well beyond the recommendation of the [New York State] Medical Treatment Guidelines," and also noted claimant's "strong symptom magnification," subjective complaints and symptoms and positive Waddell maneuvers, as well as claimant's ability to ambulate with relative ease with the use of the walker.  In view of the foregoing, the Board's finding that claimant was not totally disabled will not be disturbed (see Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d 1304, 1305-1306 [2016]).

Furthermore, substantial evidence supports the Board's finding that claimant had a 75% loss of wage-earning capacity (see Matter of Till v Apex Rehabilitation, 144 AD3d 1231, 1234 [2016]).  The Board must determine a claimant's loss of wage-earning capacity in order to fix the duration of benefits where,

as here, there is a non-schedule permanent partial disability award (see Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth, 139 AD3d at 1306). The Board considered the medical assessments with respect to claimant's impairment and his work restrictions, as well as his ability to ambulate with a walker and perform some daily living activities. The Board also reviewed aggravating factors such as claimant's age, level of education and work experience. Deferring to the Board's credibility assessments, we find no basis to disturb the Board's finding that claimant has a loss of wage-earning capacity of 75% (see Matter of Till v Apex Rehabilitation, 144 AD3d at 1234; Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth, 139 AD3d at 1306).

Peters, P.J., Garry, Rose and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court