*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 9, 2017                    523440
_____

In the Matter of the Claim of
    ALFONSO SMITH,
                        Appellant,

        v

NEW YORK CITY HOUSING                    MEMORANDUM AND ORDER
    AUTHORITY et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.

JOSEPH A. ROMANO,
                        Appellant.
_____

Calendar Date:  January 13, 2017

Before:  Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

                        _____


        Law Office of Joseph A. Romano, New York City (Joseph A.
Romano of counsel), for appellants.

        Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe
of counsel), for New York City Housing Authority and another,
respondents.

                        _____


Peters, P.J.

        Appeal from a decision of the Workers' Compensation Board,
filed December 4, 2015, which ruled that claimant sustained a
permanent partial disability and a 60% loss of wage-earning
capacity and awarded counsel fees.

In 2007, claimant suffered a work-related injury to his left ankle and he was awarded workers' compensation benefits. The claim was later amended to include a consequential injury to his back. In 2015, a Workers' Compensation Law Judge found that claimant sustained a permanent partial disability and a loss of wage-earning capacity of 90%. The Workers' Compensation Law Judge also awarded counsel fees of $4,300. Upon review, the Workers' Compensation Board modified by reducing the loss of wage-earning capacity to 60% and the award of counsel fees to $3,400. This appeal ensued, raising claims on behalf of claimant and, with regard to the reduced counsel fees award, his attorney.[1]

In order to fix the duration of benefits in cases such as this, where a claimant sustains a permanent partial disability that is not amenable to a schedule award, the Board must determine the claimant's loss of wage-earning capacity (see Workers' Compensation Law § 15 [3] [w]; Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d 1304, 1306 [2016]; Matter of Wormley v Rochester City Sch. Dist., 126 AD3d 1257, 1258 [2015]). "In so doing, the Board relies upon various factors in making that determination, including the nature and degree of the work-related permanent physical and/or mental impairment, work restrictions and [the] claimant's age" (Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d at 1306 [internal quotation marks and citation omitted]; see Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d 1271, 1273 [2014]).

Here, the Board credited the testimony of Alan Zimmerman,

---

[1]  Inasmuch as the issues raised on appeal concern both claimant and his attorney, the notice of appeal should have also been filed on behalf of claimant and not solely on behalf of his attorney (compare Matter of Cedeno v PACOA, 120 AD3d 1458, 1459 n [2014]; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]). The parties do not raise this issue and there is no allegation of prejudice. Therefore, we will disregard the error and treat the appeal as also taken by claimant (see CPLR 2001).

an orthopedic surgeon who examined claimant on three occasions on behalf of the employer.  Zimmerman testified that claimant suffers from a class 2, severity A impairment of the lumbar spine (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity, tables 11.1, 18.1 [2012]), as well as a 50% schedule loss of use of the left ankle. Zimmerman also opined that, although claimant's ability to stand or walk was limited to approximately 20 minutes at a time, he had no restrictions as far as sitting and he could perform both sedentary work and some light duty work within these limitations. The Board properly considered claimant's functional abilities, as well as his age, his eleventh-grade education, previous work experience and his proficiency in the English language. Deferring to the Board's assessment of credibility, substantial evidence supports its determination that claimant has a 60% loss of wage-earning capacity (see Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d at 1306; Matter of Wormley v Rochester City Sch. Dist., 126 AD3d at 1258-1259; Matter of Cameron v Crooked Lake House, 106 AD3d 1416, 1416 [2013], lv denied 22 NY3d 852 [2013]).

As to the reduction in the counsel fees, "the Board may approve a fee 'in an amount commensurate with the services rendered and having due regard for the financial status of the claimant and whether the attorney . . . engaged in dilatory tactics or failed to comply in a timely manner with [B]oard rules.  In no case shall the fee be based solely on the amount of the award'" (Matter of Pavone v Ambassador Transp., Inc., 26 AD3d 645, 646 [2006], quoting 12 NYCRR 300.17 [f]).  A fee approved by the Board will only be disturbed if this Court finds that it is arbitrary, capricious, unreasonable or otherwise constitutes an abuse of the Board's discretion (see Matter of Grasso v Brewster Cent. School Dist., 81 AD3d 1060, 1061 [2011]; Matter of Pavone v Ambassador Transp., Inc., 26 AD3d at 646-647).  Here, the Board summarily reduced the amount of counsel fees from $4,300 to $3,400, with no discussion as to services rendered, financial status of claimant or any dilatory actions by counsel. Accordingly, we are unable to discern the rationale for the Board's decision to reduce the fee and, therefore, we must remit the matter for further findings in that regard.

Lynch, Devine, Clark and Aarons, JJ., concur.


ORDERED that the decision is modified, without costs, by reversing so much thereof as awarded claimant's counsel $3,400 in counsel fees; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court