Lynch, J.
Appeal from a decision of the Workers’ Compensation Board, filed December 31, 2015, which ruled, among other things, that claimant sustained a permanent partial disability and a 15% loss of wage-earning capacity.
In December 2010, while working as a technical manager, claimant slipped and fell down stairs and injured his neck, back and other parts of his body. Claimant subsequently filed a claim for workers’ compensation benefits, and his case was established for the injury to his neck and back. Thereafter, a Workers’ Compensation Law Judge found that claimant sustained a permanent partial disability not amenable to a schedule award and, after considering vocational factors such as his age, education and work experience, found that claimant had a loss of wage-earning capacity of 15% — a finding that sets a maximum benefit duration of 225 weeks (see Workers’ Compensation Law § 15 [3] [w] [xii]). Upon review, the Workers’ Compensation Board affirmed such findings, and claimant now appeals.[1]
Claimant contends that since the Board failed to define the specific impact of the factors considered, it should have established a 32% loss of wage-earning capacity based on his actual post-injury wages — a finding that would yield a maximum benefit duration of 275 weeks (see Workers’ Compensation Law § 15 [3] [w] [x]).[2] We disagree. To begin, this argument disregards the statutory distinction between the calculation of loss of wage-earning capacity under Workers’ *1413 Compensation Law § 15 (3) (w) and wage-earning capacity under Workers’ Compensation Law § 15 (5-a) (see Matter of Rosales v Eugene J. Felice Landscaping, 144 AD3d 1206, 1208-1209 [2016]; Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d 1271, 1273 [2014]). Where, as here, a claimant has actual post-injury wages, his or her wage earning capacity “shall be determined by his [or her] actual earnings” (Workers’ Compensation Law § 15 [5-a]). By comparison, the durational limits of an award are based on a claimant’s loss of wage-earning capacity, measured by a claimant’s physical and functional impairments, as well as vocational factors such as age, education, language proficiency and other relevant factors, including a claimant’s present employment (see Workers’ Compensation Law § 15 [3] [w]; Matter of Pravato v Town of Huntington, 144 AD3d 1354, 1355 [2016]; Matter of Rosales v Eugene J. Felice Landscaping, 144 AD3d at 1207; Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d at 1273). That is precisely the standard applied by the Board here.
Further, we are unpersuaded by claimant’s contention that the Board was required to make specific findings as to the percentage of permanent medical impairment and how the vocational factors affected his ability to secure employment. Claimant has failed to cite any determinative authority for the proposition that the Board must make such specific findings in determining a claimant’s loss of wage-earning capacity. Rather, we will not disturb the Board’s determination in this respect so long as it is supported by substantial evidence in the record (see Matter of Maddox v Baumann Sons Buses, 144 AD3d 1373, 1374 [2016]; Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d 1304, 1306 [2016]; Matter of Baczuk v Good Samaritan Hosp., 132 AD3d 1033, 1035 [2015]; Matter of Wormley v Rochester City Sch. Dist., 126 AD3d 1257, 1258 [2015]).
Here, substantial evidence supports the Board’s determination that claimant sustained a 15% loss of wage-earning capacity. In making that determination, the Board properly considered claimant’s functional abilities and limitations, the severity of his impairment and the fact that he was 50 years old, had a Bachelor’s degree in computer science and physics, was pursuing a Master’s degree and was proficient in the English language (see Matter of Maddox v Baumann Sons Buses, 144 AD3d at 1374; Matter of Till v Apex Rehabilitation, 144 AD3d 1231, 1234 [2016]; Matter of Roman v Manhattan & Bronx *1414 Surface Tr. Operating Auth., 139 AD3d at 1306). Claimant’s remaining contentions have been examined and found to be without merit.
Peters, P.J., Devine, Clark and Aarons, JJ., concur.
Ordered that the decision is affirmed, without costs.

. We note that the Board subsequently issued an amended decision but again concluded that claimant sustained a 15% loss of wage-earning capacity. Since the original and amended decisions are not materially different, and there is no claim of prejudice, we will treat this appeal as having been taken from the amended decision (see Matter of Savage v American Home Care Supply, LLC, 132 AD3d 1047, 1047 n [2015]; Matter of Madigan v ARR ELS, 126 AD3d 1262, 1263 n [2015]).

. This calculation is derived from an average weekly wage of $2,551.81, less actual post-injury earnings of $1,730, resulting in a difference of $821.81 or 32% of the average weekly wage. In fact, the Board utilized two thirds of *1413 the net difference to calculate claimant’s average weekly wage (see Workers’ Compensation Law § 15 [5-a]).