McCarthy, J.P.
Appeal from a decision of the Workers’ Compensation Board, filed August 6, 2015, which ruled, among other things, that claimant sustained a permanent partial disability and an 85% loss of wage-earning capacity.
Claimant suffered a work-related back injury in July 2007 *1494 and was awarded workers’ compensation benefits. In 2014, a Workers’ Compensation Law Judge found that claimant sustained a permanent partial disability and an 85% loss of wage-earning capacity. The Workers’ Compensation Board modified the determination by changing the area of injury from claimant’s thoracic spine to lumbar spine and otherwise affirmed. Claimant now appeals.
We affirm. Claimant argues that the Board’s finding of a permanent partial disability is not supported by substantial evidence. Claimant’s treating physician opined that claimant suffered a total disability, due to her difficulty with prolonged walking, standing and sitting, as well as an inability to lift anything and difficulties with transportation and personal hygiene. In contrast, an orthopedic surgeon who examined claimant on behalf of the employer opined that claimant suffered from a permanent marked partial disability. According to his report, claimant could sit, stand and walk combined for up to four hours a day, and could lift objects weighing up to 20 pounds. He also opined that claimant could occasionally bend, squat, run, climb and operate a motor vehicle. Inasmuch as “it is exclusively within the Board’s province to resolve conflicting medical opinions” (Matter of DeGennaro v Island Fire Sprinkler, Inc., 85 AD3d 1513, 1514 [2011]; see Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d 1304, 1305 [2016]), the Board’s decision that claimant sustained a permanent partial disability is supported by substantial evidence and will not be disturbed.
Claimant further contends that the Board’s finding that she has an exertional ability of “less than sedentary work” equates to a finding of a permanent total disability. We disagree. Under the Board guidelines, physicians are required to perform an evaluation of a claimant’s functional capabilities, including his or her exertional abilities (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 44-46 [2012]).* The finding of a claimant’s exertional ability is a factor to be considered by the Board in determining the claimant’s loss of wage-earning capacity (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 44-46 [2012]). The loss of wage-earning capacity is used to establish the duration of benefits for claimants that have sustained a permanent *1495 partial disability (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 44-46 [2012]; Matter of Pravato v Town of Huntington, 144 AD3d 1354, 1355 [2016]; Matter of Williams v Preferred Meal Sys., 126 AD3d 1259, 1259 [2015]). “In contrast, a permanent total disability is established where the medical proof shows that a claimant is totally disabled and unable to engage in any gainful employment. The duration of benefits is not at issue in the permanent total disability context for the simple reason that there is no expectation that a claimant found to have such a disability will rejoin the work force” (Matter of Williams v Preferred Meal Sys., 126 AD3d at 1259 [internal quotation marks, brackets and citations omitted]). Accordingly, a finding that a claimant has an exertional ability of performing less than sedentary work, while a factor to consider in setting the duration of a permanently partially disabled claimant’s benefits, is not dispositive in the context of establishing the claimant’s overall disability. Rather, the exertional ability to work is applicable only to those claimants already found to have sustained a permanent partial disability and, therefore, are expected to rejoin the work force.
Claimant also challenges the Board’s finding of an 85% loss of wage-earning capacity. As noted above, “[i]n order to fix the duration of benefits in a permanent partial disability case that is not amenable to a schedule award, the Board is obliged to determine a claimant’s loss of wage-earning capacity” (Matter of Wormley v Rochester City Sch. Dist., 126 AD3d 1257, 1258 [2015] [internal quotation marks and citation omitted]; see Workers’ Compensation Law § 15 [3] [w]). In determining a claimant’s loss of wage-earning capacity, the Board must consider several factors, including the nature and degree of the work-related permanent impairment and the claimant’s functional capabilities, as well as vocational issues — including the claimant’s education, training, skills, age and proficiency in the English language (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 47-49 [2012]; Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d at 1306).
Here, the Board credited both the opinion of claimant’s physician and the employer’s surgeon that claimant could perform less than sedentary work, but clearly also credited the specific conclusions of the employee’s surgeon that, during an eight-hour period, claimant could sit for roughly two hours and stand and walk for roughly one hour each. The Board further credited the conclusion of claimant’s physician that claimant’s lumbar *1496 condition was in the severity rating J category — the most severe rating — pursuant to the applicable guidelines (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 44-46, 120 [2012]). The record also reflects that the Board took into consideration the fact that claimant is in her fifties, has an eighth-grade education from the Dominican Republic, has very limited proficiency in the English language and has worked as a home health care aide and as a seamstress in a factory. Deferring to the Board’s assessment of credibility and assessment of the record evidence, substantial evidence supports the establishment of an 85% loss of wage-earning capacity (see Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d at 1306; Matter of Wormley v Rochester City Sch. Dist., 126 AD3d at 1258-1259). Claimant’s remaining contentions have been considered and found to be without merit.
Devine and Mulvey, JJ., concur.

 Pursuant to the Board’s “Doctor’s Report of MMI/Permanent Impairment” form C-4.3, physicians must rank a claimant’s exertional ability in one of six categories — ability to do very heavy work, heavy work, medium work, light work, sedentary work and less than sedentary work.