■ In the Matter of the Claim of FELICIA LESANE, Appellant, v CITY OF NEW YORK POLICE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [59 NYS3d 870]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed April 27, 2016, which ruled, among other things, that claimant sustained a permanent partial disability and a 65% loss of wage-earning capacity.

In July 2010, claimant, a police administrative aide, applied for workers' compensation benefits after developing bilateral carpal tunnel syndrome, and her claim was established for a work-related injury. The award was later amended to include consequential major depressive disorder and bilateral DeQuervains disease. A Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant with a permanent partial disability and an 85% loss of wage-earning capacity in May 2014 (*see* Workers' Compensation Law § 15 [3] [w]). Upon review by the Workers' Compensation Board, however, the Board, among other things, rescinded the WCLJ's May 2014 decision finding that the medical impairment and loss of wage-earning capacity determinations had not been properly determined. Another hearing on the issues of medical impairment and loss of wage-earning capacity was held in July 2015, whereupon a WCLJ classified claimant with a permanent partial disability and a 75% loss of wage-earning capacity. Upon review, the Board modified the WCLJ's decision, determining, among other things, that claimant had a 65% loss of wage-earning capacity. Claimant appeals.

Claimant contends that the Board's determination to reduce her loss of wage-earning capacity from 75% to 65% was not supported by substantial evidence. In a permanent partial disability case, in order to fix the duration of benefits for a work-related injury that is not amenable to a schedule award, the Board must determine a claimant's loss of wage-earning capacity (*see* Workers' Compensation Law § 15 [3] [w]; *Matter of Burgos v Citywide Cent. Ins. Program*, 148 AD3d 1493, 1495 [2017]). In determining a claimant's loss of wage-earning capacity, the Board must consider several factors, including the nature and degree of the work-related permanent impairment and the claimant's functional capabilities and vocational issues, such as the claimant's education, training, skills, age and proficiency in the English language (*see Matter of Drake v SRC, Inc.*, 148 AD3d 1412, 1413 [2017]; *Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth.*, 139 AD3d 1304, 1306 [2016]). Notably, great deference is accorded "to the Board's resolution of issues concerning conflicting medical evidence and witness credibility, and the Board may accept or reject portions of a medical expert's opinion" (*Matter of Curcio v Sherwood 370 Mgt. LLC*, 147 AD3d 1186, 1187 [2017] [internal quotation marks and citation omitted]; *see Matter of Eaton v Dellapenna Assoc.*, 91 AD3d 1008, 1009 [2012]).

Here, substantial evidence supports the Board's determination that claimant sustained a 65% loss of wage-earning capacity. The Board determined that, although suffering from a permanent partial disability, claimant only had a 50% permanent medical impairment and was capable of performing "some type" of sedentary activity. In determining her loss of wage-earning capacity, the Board specifically weighed aggravating factors, including that claimant would be unable to return to a job involving constant typing and writing based on her medical restrictions and that she did not have a driver's license. The Board also weighed various mitigating factors, including that claimant had an Associate's degree in liberal arts and science, was proficient in the English language, had computer knowledge and had extensive experience in office-based employment settings. Further, the Board's determination reveals that it weighed the credibility of the various medical providers in determining claimant's loss of wage-earning capacity. In view of the foregoing, and in deference to the Board's credibility and assessment of the record evidence, we find that substantial evidence supports the establishment of a 65% loss of wage-earning capacity (*see Matter of Burgos v Citywide Cent. Ins. Program*, 148 AD3d at 1496).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.