Aarons, J. (dissenting). We respectfully dissent. Our review is limited to whether the Workers’ Compensation Board’s determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]). Under that time-honored standard, because the evidence credited by the Board supports its finding that claimant had a permanent partial disability and a 75% loss of wage-earning capacity, the Board’s determination should not be disturbed. Clifford Ameduri, claimant’s treating physician, stated in his written report that claimant had reached maximum medical improvement with a permanent impairment of the back and noted a class five condition of the lumbar spine with a severity ranking of F. Ameduri also found that claimant had a functional capability of “less than sedentary work” pursuant to the New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity (2012) and that she could occasionally sit, stand, walk and lift objects weighing up to 10 pounds. Within this past year, we concluded that these findings were consistent with a classification of a permanent partial disability (see Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d 1493, 1494-1495 [2017]; see also New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 44-46, 53-54, 71 [2012]). More significantly, these findings were specifically credited by the Board. Accordingly, in our view, substantial evidence supports the Board’s determination (see Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d at 1494-1495; Matter of Curcio v Sherwood 370 Mgt. LLC, 147 AD3d 1186, 1187-1188 [2017]; Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1278 [2016]). The majority nonetheless points to the testimony of Ameduri and Guy Corkhill, the physician who conducted an independent medical examination on behalf of the workers’ compensation carrier. It is true that both Ameduri and Corkhill testified at the hearing that claimant had a permanent total disability. The Board, however, found that the opinion of Corkhill “cannot be credited” because it “was based primarily on the claimant’s subjective complaints of pain.”* In other words, the Board made a credibility determination and, under well-established principles, “this Court accords great deference to the Board’s resolution of issues concerning conflicting medical evidence and witness credibility” (Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d 1304, 1305 [2016] [internal quotation marks and citations omitted]; see Matter of Curcio v Sherwood 370 Mgt. LLC, 147 AD3d at 1187; Matter of Cameron v Crooked Lake House, 106 AD3d 1416, 1416 [2013], lv denied 22 NY3d 852 [2013]; Matter of Eaton v Dellapenna Assoc., 91 AD3d 1008, 1009 [2012]). In addition, to the extent that Ameduri’s testimony that claimant was “totally disabled” contradicted his previously discussed findings and opinion of a permanent partial disability in his written report, it appears that the Board did not accept his testimonial opinion and credited only his written findings and opinion in determining that claimant should be classified with a permanent partial disability (cf. Matter of Maddox v Baumann Sons Buses, 144 AD3d 1373, 1374 [2016]). To that end, it is likewise well settled that “the Board may accept or reject portions of a medical expert’s opinion” (Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD 3d at 1305 [internal quotation marks and citations omitted]; see Matter of Campbell v Interstate Materials Corp., 135 AD3d at 1278; Matter of Mearns v Sunoco, Inc., 77 AD3d 1045, 1046 [2010]; Matter of VanDermark v Frontier Ins. Co., 60 AD3d 1171, 1172 [2009]). We are tasked with assessing whether there is substantial evidence to support the Board’s determination. By giving credence to evidence that the Board discredited, however, the majority improperly usurps and intrudes upon the Board’s role to make credibility determinations. The majority concludes that a finding of permanent total disability is supported by the record, but such conclusion is based on evidence that it, and not the Board, found credible. Moreover, not only does the majority abandon our role as a reviewing court, it undermines the principle of stare decisis by effectively overruling Matter of Burgos v Citywide Cent. Ins. Program (supra). In this regard, the views expressed in the majority are similar to those stated in the dissent in Matter of Burgos v Citywide Cent. Ins. Program (148 AD3d at 1496-1497 [Lynch, J., dissenting]). The majority gives no compelling reason or explanation why those views, which were not tenable in March 2017 when Matter of Burgos was issued, are now so. Finally, in our view, claimant’s challenge to the Board’s finding of a 75% loss of wage-earning capacity lacks merit. When determining a claimant’s loss of wage-earning capacity, the Board must assess various factors, including “the nature and degree of the work-related permanent impairment and the claimant’s functional capabilities, as well as vocational issues— including the claimant’s education, training, skills, age and proficiency in the English language” (Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d at 1495; see Matter of Till v Apex Rehabilitation, 144 AD3d 1231, 1234 [2016], lv denied 29 NY3d 909 [2017]). In making its determination, the Board considered the fact that claimant was 48 years old, her prior employment history and her ability to read, write and speak English. Furthermore, as discussed, claimant’s treating physician noted that claimant could sit, stand and lift objects of a certain weight—an opinion credited by the Board. According deference to the Board’s credibility determinations, as we must, we believe that the Board’s finding of a 75% loss of wage-earning capacity is supported by substantial evidence (see Matter of Maddox v Baumann Sons Buses, 144 AD3d at 1374; Matter of Cameron v Crooked Lake House, 106 AD3d at 1416). McCarthy, J.P., concurs. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision. In his report, Corkhill noted that claimant rated her pain as an 8 or 9 out of 10 and described it as a throbbing and aching pain that was worse in the beginning and the end of the day. Corkhill’s testimony that it was unlikely that claimant would he able to return to work was based upon claimant’s reported subjective pain level. Furthermore, Corkhill’s conclusory testimony that claimant’s complaints of pain were consistent with objective findings, by itself, does not transform subjective descriptions into objective evidence.