Matter of Irizarry v Lopez Matos Constr., Inc. (2024 NY Slip Op 00475)

Matter of Irizarry v Lopez Matos Constr., Inc.

2024 NY Slip Op 00475

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

535669
[*1]In the Matter of Eddy Irizarry, Appellant,
v
Lopez Matos Construction, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 18, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Mackey, JJ.

Ginarte Gonzalez & Winograd, LLP, New York City (Timothy Norton of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Lopez Matos Construction, Inc. and another, respondents.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed May 20, 2022, which ruled, among other things, that claimant did not sustain a causally-related injury to his right great toe and denied his claim for workers' compensation benefits.
Claimant, who has a history of diabetes, filed a claim for workers' compensation benefits alleging that he sustained injuries to his right great toe and right foot after stepping on a nail at a renovation site in February 2021. Three days after the alleged incident, claimant presented at a local hospital with "macerated necrotic malodorous tissue." Although the wound was debrided and claimant was treated with a course of antibiotics, his right great toe ultimately was amputated. The employer and its workers' compensation carrier controverted the claim and, following a series of hearings, an independent medical examination and the deposition of claimant's evaluating physician, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim. Upon review, the Workers' Compensation Board, among other things, affirmed the WCLJ's decision, and this appeal ensued.[FN1]
After summarizing the testimony adduced at the hearings and reciting boilerplate language regarding credibility determinations and the resolution of factual disputes, the WCLJ summarily concluded that, "[b]ased upon [the] totality of substantial evidence presented within the electronic [B]oard file, medical testimony and lay testimony, . . . the claim for right great toe is not supported by [the] evidence." The Board's decision, in turn, primarily focuses upon a procedural issue belatedly raised by claimant and, without further elaboration or explanation, the Board simply "adopt[ed] the findings and decision of the WCLJ." Noticeably absent from either determination, however, are any actual findings of fact or conclusions of law. Although it may be inferred that the WCLJ and the Board did not credit claimant's proof, it is impossible to discern whether the claim was denied because the Board did not believe that a work-related accident actually occurred or, alternatively or additionally, because the medical evidence adduced as to causal relationship was found to be incredible or insufficient. Under these circumstances, intelligent appellate review of the Board's decision is precluded, and this matter is remitted to the Board for appropriate findings of fact and conclusions of law (see generally Matter of Montauk Improvement v Proccacino, 41 NY2d 913, 913-914 [1977]; Matter of Smith v New York City Hous. Auth., 147 AD3d 1184, 1186 [3d Dept 2017]; Matter of Church v Arrow Elec., Inc., 69 AD3d 983, 985 [3d Dept 2010]; Matter of Lamiano v Sousa & Sons, 158 AD2d 818, 819 [3d Dept 1990]; Matter of Burns v Miller Constr., 62 AD2d 1114, 1114 [3d Dept 1978]).
Egan Jr., J.P., Clark, McShan and Mackey, JJ., concur.
ORDERED that the decision is reversed, on the law, without costs, and matter remitted to the Workers' Compensation Board for further proceedings [*2]not inconsistent with this Court's decision.

Footnotes

Footnote 1: Claimant's subsequent request for reconsideration and/or full Board review was denied and is not at issue on this appeal.