Matter of Olorode v Streamingedge Inc. (2024 NY Slip Op 05004)

Matter of Olorode v Streamingedge Inc.

2024 NY Slip Op 05004

Decided on October 10, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 10, 2024

CV-22-2159
[*1]In the Matter of the Claim of Taiwo Olorode, Appellant,
v
Streamingedge Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 11, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Cooper Erving & Savage, LLP, Albany (Carolyn B. George of counsel), for appellant.
Fischer Brothers, Port Washington (Martin Krutzel of counsel), for Streamingedge Inc. and another, respondents.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed June 27, 2022, which ruled, among other things, that claimant was not entitled to an increase in loss of wage-earning capacity.
Claimant established a claim for occupational diseases of the neck, back and bilateral carpal tunnel syndrome in connection with his work as a computer system support analyst, with a date of disablement of March 17, 2015. In 2019, claimant was classified with a permanent partial disability and, after considering claimant's vocational factors, was found to have a 25% loss of wage-earning capacity (hereinafter LWEC), entitling him to wage loss benefits. In 2020, claimant's work-related injury was amended to include depression as a result of the hostile work environment, with an accident date of March 17, 2015. Claimant thereafter sought reclassification and an increase in LWEC based upon the established depressive disability. Following the subsequent submission by both parties of medical reports and depositions as to permanency for the depressive disability, a hearing ensued. Following the hearing, a Workers' Compensation Law Judge ruled, among other things, that there was insufficient evidence to establish that the depressive disability presented a sufficient change in condition to warrant an increase in the LWEC rate. The Workers' Compensation Board, in a decision filed June 27, 2022, affirmed that decision. Claimant appeals.
We affirm. Where a claimant suffers a work-related disability, the Board must determine whether "the disability caused a wage-earning loss" (Matter of O'Donnell v Erie County, 35 NY3d 14, 19 [2020]). In establishing that the reduction in income is due to the disability, the claimant must establish "a causal link between the claimant's disability and reduced earning capacity" (Matter of Delk v Orange & Rockland, 191 AD3d 1067, 1069 [3d Dept 2021] [internal quotation marks and citations omitted]).
We are unpersuaded by claimant's contention that the Board's conclusion that he was able to perform work activities despite his depressive disability is speculative. Claimant was previously found to have a 25% LWEC based upon the established physical injuries and sought an increase in LWEC based upon his subsequent establishment of the depressive injury. The Board, in determining that claimant did not present adequate evidence to support an increase in his classification and LWEC, credited the medical opinion of Robert Conciatori, a psychiatrist who twice evaluated claimant. Conciatori testified that claimant, whose symptoms began in 2015 and had not changed over the two years since he initially evaluated claimant despite being on medication, had a moderate permanent disability. Conciatori testified that claimant was capable of part-time work activities, specifically noting that claimant worked various jobs as a real estate salesperson and selling health insurance plans following the accident in 2015. We note that such employment is set forth [*2]in a prior Board decision in relation to claimant's physical injuries, which reflects that claimant was a licensed real estate salesperson from 2015 until his license expired in 2019, and briefly worked selling health insurance from November 2018 until February 2019. Conciatori further testified that claimant reported that he stopped working in February 2019 due to financial considerations as claimant complained that he was not making enough money, making no mention that he stopped working due to his work-related depression.
Nor are we persuaded by claimant's assertion that the Board relied on speculative testimony of his treating psychiatrist, Jennifer Moss, in concluding that there were nonrelated stressors. Moss specifically testified, and her medical notes reflect, that claimant had constant stressors, including his car being broken into, school issues with his son and interpersonal difficulties with other psychiatrists, that were unrelated to the work accident but that contributed to his major depressive disorder. Although Moss offered testimony that claimant had difficulty concentrating, was suspicious of people and, in her opinion, had an inability to hold a job due to his work-related major depressive disorder, she was unaware of his specific dates of employment.
Notwithstanding claimant's contention that there was other medical testimony to support a contrary conclusion than that reached by the Board, it is within the province of the Board to weigh conflicting medical opinions and it may accept or reject portions of a medical expert's opinion (see Matter of Rapaglia v New York City Tr. Auth., 179 AD3d 1257, 1260 [3d Dept 2020]; Matter of Lesane v City of New York Police Dept., 153 AD3d 1112, 1113 [3d Dept 2017]). In view of the foregoing, and deferring to the Board's assessment of the proffered medical opinions, substantial evidence supports the Board's finding that claimant did not submit sufficient evidence to establish that an increase in LWEC was warranted as a result of his depressive disability, and its decision will not be disturbed (see Matter of Simmons v Glens Falls Hosp., 202 AD3d 1196, 1198-1199 [3d Dept 2022]; Matter of Rapaglia v New York City Tr. Auth., 179 AD3d at 1261; Matter of Lesane v City of New York Police Dept., 153 AD3d at 1113).
Aarons, J.P., Lynch, Ceresia and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.